UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MARY A. BIGNALL,                                        Case No. DL 08-01808
                                                        Chapter 7
            Debtor.                                     Hon. Scott W. Dales

_____/


**MEMORANDUM OF DECISION**


This matter comes before the court upon the Chapter 7 Trustee's Objection (the "Objection") to the exemption that the Debtor, Mary A. Bignall (the "Debtor"), claimed in certain residential real estate located in Cedar Springs, Michigan.  Given the circumstances of this particular case, and because I must construe exemption statutes in favor of the Debtor, I find the property at issue qualifies as the Debtor's residence for purposes of 11 U.S.C. § 522(d)(1).  Therefore, I will overrule the Objection.

The Debtor filed a Chapter 7 bankruptcy petition on March 3, 2008 (the "Petition Date").  On the Petition Date, she owned real property in Cedar Springs, Michigan (the "Property") that she purchased as her residence in 2001.   On Schedule C, she listed the Property as her residence and claimed an exemption of $20,200.00 pursuant to 11 U.S.C. § 522(d)(1).

Kelly M. Hagan (the "Trustee") filed an Objection after learning that the Debtor had rented an apartment in November 2007, and was living there on the Petition Date. In her Objection, the Trustee claims that because the Debtor did not reside at the

Property on the date of her petition she cannot claim it as her residence for purposes of 11 U.S.C. § 522(d)(1). In addition, the Trustee contends that the Debtor's 24 year-old son, who does reside at the Property, cannot qualify as a dependent within the meaning of 11 U.S.C. § 522.

I held an evidentiary hearing to give the Trustee the opportunity to meet her burden of establishing that the Debtor is not entitled to exempt the Property under § 522(d)(1). See Fed. R. Bankr. P. 4003(c) (party objecting to exemption bears the burden of proof). The following constitutes my findings of fact and conclusions of law, in accordance with Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052.

At the evidentiary hearing on November 12, 2008, the Debtor credibly testified as follows. On the Petition Date, she did not live at the Property, day-to-day, but instead was renting an apartment near Lansing, Michigan, under a one-year lease. She explained that she moved to Lansing to be closer to a job that she had just taken at the Department of Health and Human Services (the "Lansing Job"). During the first year of the Lansing Job, she was on probation. Evidently her new employer wanted to make sure she was the right person for the job before making the engagement a permanent post. During this "probationary period" she felt obliged to live closer to work because she was concerned that bad weather, coupled with a roughly 90 mile drive from the Property, might cause her to be late for work. She was also concerned about the expense of a 180 mile roundtrip daily commute. So, during the probationary period she signed a one-year lease on an apartment in Lansing. Nevertheless, her then 24 year-old son continued to reside at the Property while he worked and attended school. During a couple of weekends each month, the Debtor returned to the Property. Despite

the episodic nature of these visits, however, she always intended to return to the Property once her job's probationary period ended, and in fact she returned to the Property, post-petition, after losing the Lansing Job.  When the Debtor took the Lansing Job, she intended to work there for the last few years of her career before retiring, and never intended to permanently vacate the Property.  In point of fact, the Debtor stated she left most of her possessions in the Property, taking about a quarter of her furnishings to Lansing: two beds, a table and chairs, some pots and pans and other necessary household goods to furnish the apartment where she and her disabled adult daughter had taken up lodging.  I credit these statements and adopt them as my findings.

In defense of her exemption, the Debtor argues that a person can have many residences and pursuant to § 522(d)(1) she was not required to be physically occupying the Property on the Petition Date.  Citing persuasive authority, she argues that her constructive occupancy is enough.  Indeed, as the Debtor points out, the Bankruptcy Code appears to contemplate the possibility that Debtors may have more than one residence. By way of example, § 1322(b)(2) refers to a debtor's "principal residence" (suggesting that the debtor may have more than one), while § 522(d)(1) does not restrict an exemption to a debtor's principal residence.  Section 522(d)(1) states only that a debtor may exempt her interest in property "that the debtor or a dependent of the debtor uses as a residence."  The Debtor urges me to construe the statute to allow her to protect her interest in a residence of her choice.

The first issue before me is whether, under the particular facts of this case, the Debtor's physical absence from the Property on the Petition Date deprives her of her

right to claim an exemption in the Property under § 522(d)(1).    The second issue, assuming I refuse to recognize constructive occupancy, is whether the Debtor's son qualifies as a dependent as contemplated in § 522(d)(1) and whether his use of the Property as a residence justifies the Debtor's claimed exemption.

As noted above, the Trustee bears the burden of proof in this contested matter, so she must support her Objection by a preponderance of the evidence.   Because exemption rights are generally determined as of the order for relief, the Trustee must prove that on the Petition Date the Debtor was not using the Property as "a residence." Fed. R. Bankr. P. 4003(c); 11 U.S.C. § 522(d)(1).    Moreover, courts construe exemptions liberally in favor of the debtor. In re Lusiak, 247 B.R. 699 (Bankr. N.D. Ohio 2000); In re Gandy, 327 B.R. 807 (Bankr. S.D. Tex. 2005).

Our nation's bankruptcy laws provide a fresh start for the honest but unfortunate debtor.  In support of this policy the Bankruptcy Code recognizes that a person's home should be protected from creditors, at least in part, by withdrawing the debtor's interest in the home from the property to be distributed to creditors. Thus, § 522(d)(1) protects a debtor's interest in a home in an amount aggregating up to $20,200.00, provided it qualifies as property, real or personal, that the debtor uses as "a residence." The term "residence" is not defined in the Bankruptcy Code, although it has been determined to mean occupancy of the property by the debtor as a principal place of dwelling. Gandy, 327 B.R. at 808 ("under the plain language of the statute, the phrase 'uses as a residence' indicates a present use or occupancy as opposed to a future intent to occupy"); In re Marsico, 278 B.R. 1 (Bankr. D. N.H. 2002) (to qualify as a residence for purposes of 11 U.S.C. § 522(d)(1), the property must be a place where the debtor lives

on more than a transient basis); <u>Lusiak</u>, 247 B.R. at 702 ("the term 'residence' as used in the Bankruptcy Code's homestead exemption, denotes occupancy of the premises by the debtor as a principal place of dwelling").

Even so, some courts have found actual physical occupancy of the property is not a prerequisite to finding that a debtor occupies the property for the purposes of the residency requirement of § 522(d)(1). <u>In re DeMasi</u>, 227 B.R. 586, 588 (D.R.I. 1998)("the determining factor should not be so mechanical as to require a debtor to occupy the home on the filing date or use the address on the bankruptcy filing"); <u>In re Grindal</u>, 30 B.R. 651, 652-53 (Bankr. D. Me. 1983)(residence should be flexibly defined). However, when a debtor claims an exemption in property that she admittedly does not use every day as a residence, it seems fair to require her to establish "constructive occupancy" as of the order for relief.

Several courts have described constructive occupancy as physical absence from a premises, coupled with an intent to return at some point in the future. <u>In re Healy</u>, 100 B.R. 443, 444 (Bankr. W.D. Wis. 1989). For the Debtor to establish the requisite intent to return to her Property, her testimony must be coupled with external circumstances that demonstrate a realistic expectation that she would return. <u>In re Cameron</u>, 25 B.R. 119, 120 (Bankr. N.D. Ohio 1982).

I find the Debtor's pleadings, testimony at the hearing, and other evidence preponderate in favor of finding that the Debtor constructively occupied the Property on the Petition Date.  I find she never intended to change her residence from Cedar Springs to Lansing, notwithstanding her temporary move to Lansing and her listing

Ingham County as her county of residence on her petition – an act that she attributed to her counsel.  Because I find the Debtor constructively occupied the Property on the date of her bankruptcy filing, I do not need to make any findings regarding her son, and whether he qualifies as a "dependent."

In reaching these conclusions, I am guided by the rule of construction that favors exemptions in bankruptcy, and by the burden of proof.  As for the rule of construction, while I acknowledge the persuasive force of the statute's use of the present tense verb "uses" in the phrase "uses as a residence," I must also acknowledge that the statute refers to "a" residence, as opposed to "his or her residence" or even,  as § 1322(b)(2) says, the debtor's "principal residence." I resolve this tension in favor of the exemption. On the evidence, it occurs to me that the Trustee acted quite reasonably in challenging the exemption based upon the Debtor's occupancy of a Lansing apartment on the Petition Date.  I am required, however, to consider other facts.   The circumstances of this Debtor's life led her, temporarily, from her home to an apartment in Lansing, but I nevertheless find, based on the preponderance of the credible testimony and other evidence, that the Debtor continued to use the Cedar Springs Property as "a residence" notwithstanding her temporary occupancy of the lodgings in Lansing.  I am mindful that the Trustee bears the burden of proof by a preponderance of the evidence, and that in a close case, the tie goes to the Debtor.

Accordingly, I will overrule the Trustee's Objection in a separate order.

**IT IS SO ORDERED.**                    **Dated: November 21, 2008**

Scott W. Dales
United States Bankruptcy Judge